# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

|  |  |
|---|---|
| IN RE: HO WAN KWOK, *et al.*, <br> *Debtors* | BANKR. NO. 22-50073 (JAM) <br> *Chapter 11* <br> ADV. PRO. NO. 22-5032 |
| --- | |
| HO WAN KWOK, <br> *Debtor-Appellant*, <br><br> v. <br><br> PACIFIC ALLIANCE ASIA <br> OPPORTUNITY FUND, L.P. and LUC <br> A. DESPINS, <br> *Appellees.* | CIVIL NO. 3:23-cv-40 (KAD) <br><br><br> APRIL 12, 2023 |

---

## ORDER DISMISSING INDIVIDUAL DEBTOR'S MOTION FOR LEAVE TO APPEAL
### (ECF No. 2)

Kari A. Dooley, United States District Judge:

Ho Wan Kwok, the individual debtor and defendant to the underlying adversary bankruptcy proceeding, moves for leave to appeal the Bankruptcy Court's order granting, and then extending, a temporary restraining order ("TRO") sought by Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") and intervenor Chapter 11 Trustee Luc A. Despins (collectively, "Appellees"). *See Pacific Alliance Asia Opportunity Fund, L.P. v. Ho Wan Kwok (In re Kwok)*, No. 22-5032 (JAM) (Bankr. D. Conn. 2022), ECF Nos. 26, 80. Appellant asserts that the TRO entered against him is an unconstitutional infringement on his First Amendment rights. Appellees respond that this appeal is moot in light of the preliminary injunction ("PI")[1] entered against Appellant on January 11, 2023 which dissolved the TRO. *See* No. 22-5032, ECF Nos. 129, 134. Notwithstanding, Appellant maintains that his appeal falls within the capable of repetition, yet evading review exception to

---

[1] Appellant also sought leave to appeal the PI, which this Court granted. *See In re Kwok*, No. 3:23-cv-102 (KAD) (D. Conn. April 12, 2023), ECF No. 27.

mootness. For the reasons that follow, the Court concludes that this interlocutory appeal is moot and the motion for leave to appeal is accordingly DISMISSED. (ECF No. 2)

**Facts and Procedural History**

The Court assumes the parties' familiarity with the underlying facts and repeats only those necessary for deciding the instant motion. On November 22, 2022, PAX, Appellant's largest creditor, filed a complaint and an application for a TRO and a PI against Appellant. PAX alleged that Appellant had orchestrated a campaign of harassment and intimidation directed at PAX, its officers, and their families as a means of disrupting the bankruptcy proceedings. PAX sought to enjoin Appellant and others from posting false and harassing materials about, as well as the personal information of, the trustee, PAX, and their officers, employees, and relatives, and encouraging or funding protests that were occurring at their homes and offices. No. 22-5032, ECF No. 3 at 2. PAX also requested that Appellant be ordered to remove social media posts that disclosed personal information of the trustee, PAX, and their officers, employees, and relatives, or otherwise encouraged protests at their homes and offices. *Id.* The trustee filed a motion to intervene as a plaintiff that same day. No. 22-5032, ECF No. 9.[2]

The Bankruptcy Court held an expedited hearing on the TRO application on November 23, 2022. PAX proffered evidence in the form of social media posts, screenshots, and information that Appellant had been "defaming, harassing, and encouraging and organizing protests against individuals involved in the [Appellant's] Chapter 11 case, including PAX, family members of PAX's chairman, PAX's counsel, the Chapter 11 Trustee, family members of the Chapter 11 Trustee, and the Chapter 11 Trustee's counsel." No. 22-5032, ECF No. 26 at 2–3. The Bankruptcy Court entered a TRO pursuant to Federal Rules of Civil Procedure 65 and 11 U.S.C. § 105(a)

---

[2] The Bankruptcy Court granted the trustee's motion to intervene as a plaintiff on November 23, 2022. No. 22-5032, ECF No. 25.

finding that imminent, irreparable harm to the bankruptcy estate and process was likely absent a TRO and the need to protect against such harm outweighed any restraint on Appellant's speech. *Id.* at 4–5. The TRO enjoined Appellant and his "officers, agent, servants, employees, and attorneys and other persons who are in active concert of participation with" him from: (1) posting false and harassing material about or personal information of the trustee, PAX or PAG's[3] officers or employees, counsel to the trustee or PAX, and their respective relatives and encouraging, inciting, suggesting, or funding protests at their homes or offices; (2) interfering with the integrity of the bankruptcy proceedings (such as by threatening the safety of the trustee, PAX, PAG, and their officers, employees, counsel, and relatives,); and (3) ordered Appellant to remove social media posts that contained false or harassing material about or the personal information of the aforementioned persons or encouraging similar conduct towards those persons. *Id.* at 6. On November 30, 2022, Appellees filed a joint motion for contempt for violations of the TRO. No. 22-5032, ECF No. 43.

On December 5, 2022, the Bankruptcy Court began what would be a four-day evidentiary hearing on PAX's motion for a PI. On December 7, 2022, the Bankruptcy Court extended the TRO until the Court ruled on the PI motion, finding good cause to do so because the PI hearing was ongoing. No. 22-5032, ECF No. 80. On January 10, 2023, Appellant filed the instant motion for leave to appeal the TRO order. *In re Kwok*, No. 3:23-cv-40 (KAD) (D. Conn. Jan. 10, 2023), ECF No. 2. On January 11, 2023, the Bankruptcy Court issued its decision on the PI motion, thereby enjoining Appellant from the already restrained behavior and dissolving the TRO. No. 22-5032, ECF No. 134. On January 25, 2023, Appellant appealed the PI order. *See* No. 3:23-cv-102, ECF No 2. On February 17, 2023, Appellees withdrew their contempt motion.

---

[3] PAG is PAX's parent company. *See* No. 22-5032, ECF No. 1 at 8 n.1.

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees

. . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy

judges." 28 U.S.C. § 158(a). "The decision as to whether to grant leave to appeal an interlocutory

order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank,*

*N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir.

2003).

"A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement

of Article III, Section 2 of the Constitution." *United States v. Williams*, 475 F.3d 468, 478 (2d Cir.

2007). To satisfy this "requirement, a party must, at all stages of the litigation, have an actual injury

which is likely to be redressed by a favorable judicial decision." *Id.* at 479 (quotation marks and

citations omitted). "Generally, 'if an event occurs during the course of the proceedings or on appeal

that makes it impossible for the court to grant any effectual relief whatever to a prevailing party,

[the Court] must dismiss the case.'" *Id.* (quoting *United States v. Blackburn*, 461 F.3d 259, 261

(2d Cir. 2006)). "Nonetheless, an exception exists for cases that are 'capable of repetition, yet

evading review'—that is, cases where '(1) the challenged action is in its duration too short to be

fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the

same complaining party will be subjected to the same action again.'" *F.O. v. New York City Dep't*

*of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (quoting *Van Wie v. Pataki*, 267 F.3d 109,

114 (2d Cir. 2001)). "[T]his 'exception to mootness principles is severely circumscribed and

applies only in exceptional situations.'" *Id.* (quoting *Knaust v. City of Kingston*, 157 F.3d 86, 88

(2d Cir. 1998)) (brackets and ellipsis omitted).

**Discussion**

The Court looks, in part, to the relief sought in making the assessment of whether a claim is moot. *See, e.g.*, *Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)). An interlocutory appeal from a since-expired temporary restraining order "is the paradigm of a moot appeal." *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 5 (2d Cir. 1996). The dissolution of the TRO on January 11, 2023 upon the issuance of the PI renders it impossible for the Court to provide any redress for the claimed injury, and thus, this appeal is moot. *Williams*, 475 F.3d at 479.

Appellant nevertheless contends that this Court can hear this otherwise moot appeal because the TRO is capable of repetition yet evades review. The party invoking this exception to mootness must "make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Appellant argues that he has made a reasonable showing that he will be subject to another TRO because the underlying dispute between the parties—Appellant's and his followers' exercise of their free speech and protest rights—is not resolved, and Appellees may seek further TROs, especially if the PI is overturned. In such a case, he argues, the TROs will again be dissolved upon the issuance of future PIs which would preclude review on appeal. Appellees argue that the possibility that they would seek the same TRO again if the PI is vacated is wholly speculative and further, that any constitutional issues raised by the issuance of the TRO will be addressed in the appeal of the PI. Accordingly, these issues have not evaded review. The Court agrees with the Appellees.

While it appears a certainty that the underlying dispute between the parties will continue, the Court would have to resort to speculation (or, more to the point, soothsaying) to determine that

the alleged illegality is reasonably likely to recur. The argument that this issue evades mootness is premised on: (1) the PI being overturned on appeal, (2) Appellees thereafter seeking another TRO, (3) the Bankruptcy Court issuing the requested TRO, and (4) the Bankruptcy Court thereafter dissolving it upon the issuance of a future PI. While "lightning may strike twice" in these proceedings: having issued one TRO, the Bankruptcy Court "might do so again. But this is sheer speculation, and cannot rise to the level of a 'reasonable expectation' or 'demonstrated probability' of recurrence." *Video Tutorial Servs. Inc.*, 79 F.3d at 6; *see also Van Wie*, 267 F.3d at 115 (claim that parties will face the same legal dilemma "*if and when*" they again attempt the underlying conduct "amounts to a mere theoretical possibility that the controversy is capable of repetition. . . . Such speculation does not establish 'a reasonable expectation' that they will again be subjected to the same dispute"). Indeed, other courts have held that the possibility that the decision rendering a controversy moot might be reversed is not sufficient to avoid mootness. *Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1255 (11th Cir. 2001) ("While we recognize that remand or reversal is a procedural possibility, we refuse to overcome the jurisdictional bar of mootness by concluding that we have a reasonable expectation that a state trial court's decision will be reversed and remanded."); *Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 739–40 (4th Cir. 1990) (concluding case moot, based on intervening events by state court, even though "state court determination may yet be subject to appeal and possibly to reversal"). At bottom, Appellant asks this Court for an advisory opinion on a hypothetical TRO that has yet to issue. *See ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004). The Court declines.

Appellant's reliance on *Carroll v. Princess Anne*, 393 U.S. 175 (1968) and *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976) is misplaced. In *Carroll*, although the TRO and PI had expired and the PI had been reversed by a lower court by the time the Supreme Court heard the

case, the matter was not moot because the TRO still played "a substantial role in the response of officials to [the petitioners'] activities." *Id.* at 178. Here, the PI has neither expired nor been overturned or vacated on appeal, and thus, while the PI continues to play a role in allegedly curtailing Appellant's First Amendment rights, the TRO does not. Likewise, in *Nebraska Press Ass'n*, although there were no pending restraints or "restrictions on what may be spoken or written about the" criminal case at issue when the Supreme Court considered the appeal, the Supreme Court held that the controversy was capable of repetition because the lower court might enter another gag order upon retrial. The Supreme Court also noted that the dispute between the State of Nebraska and the press association would likely arise again in other trials should a gag order be sought or entered. *Id.* at 546–47. The parties here are not in the nature of "repeat players" as was present in *Nebraska Press Ass'n*, and, as stated above, that the PI may be overturned on appeal does not mean the issues related to the TRO will likely recur so as to overcome mootness.

Even assuming *arguendo* that this issue is capable of repetition, it has not evaded review. The PI, which presents substantially the same issues as the TRO, is currently on appeal. *See supra* 1 n.1. Indeed, when Appellant moved to consolidate this appeal with his PI appeal, he asserted that the two appeals "involve the same nucleus of facts and many of the same legal issues." *See* No. 3:23-cv-40, ECF No. 24 at 2. There is therefore no reason to believe that the issues raised in this appeal "cannot be fully litigated" in the PI appeal. *See Independence Party of Richmond County v. Graham*, 413 F.3d 252, 256 (2d Cir. 2005).

"The Court must dismiss a motion for leave to appeal if it becomes moot because 'we have no jurisdiction over moot controversies.'" *MF Global Holdings Ltd. v. Allied World Assurance Co.*, No. 17-cv-106, 2017 WL 548219 (RWS), at *3 (S.D.N.Y. Feb. 10, 2017) (citing *Video Tutorial Servs., Inc.*, 79 F.3d at 5).

**Conclusion**

For the reasons set forth above, Appellant's motion for leave to appeal (ECF No. 2) is moot and is therefore DISMISSED. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of April 2023.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE